**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>TRAVIS VASHON COOPER,<br><br>Defendant. | Case No.: 7:26-CR-00021-WLS-ALS |

**ORDER**

Defendant Travis Vashon Cooper moves to continue trial in the interest of justice. (Doc. 32.) This case is currently scheduled for trial in the February 2027 trial term. Cooper's motion to suppress, however, remains pending. (Doc. 24.) The hearing on the motion to suppress is scheduled for December 30, 2026. (Doc. 30.) After the hearing and the Court's ruling, defense counsel will have to "evaluate the hearing record and the Court's ruling, determine which evidence may be presented at trial, consult with Mr. Cooper regarding the effect on the defense's strategy, and finalize preparation concerning witnesses, exhibits, and trial presentation." (Doc. 32 ¶ 5.) Defense counsel thus submits that, even if the Court were to rule on the motion to suppress shortly after the hearing, the remaining time before trial would not allow enough time to prepare for trial. (*Id.* ¶ 6.) Defense counsel thus moves to continue trial to the Court's next available trial term. The Government, however, opposes the motion to continue. (*Id.* ¶ 10.)

Based on defense counsel's stated reasons, the Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and Cooper in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)–(B). Thus, and for good cause shown, the motion, (Doc. 32), is **GRANTED**. The trial in the case is **CONTINUED** to the Valdosta Division May 2027 trial term and its conclusion, or as may be otherwise ordered by the Court. Further, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** in accordance with 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance deny defense counsel and counsel for the Government the reasonable time necessary for effective preparation, taking

into account the exercise of due diligence and would likely result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 12th day of November, 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**